In the Matter of EDWARD HORN, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, July 27, 1992

APPEARANCES OF COUNSEL

*Robert H. Straus (Robert J. Saltzman* of counsel), for petitioner.

*Nicholas C. Cooper* for respondent.

### OPINION OF THE COURT

Per Curiam.

In this proceeding, the respondent was charged with 17 allegations of professional misconduct. The Special Referee sustained all 17 charges. The petitioner moves to confirm the Special Referee's report, while the respondent cross-moves to disaffirm so much of the report "as finds that 'Based upon all of the evidence presented before me at the various hearings, I find that the allegations herein have been fully sustained in all respects' ", and "to consolidate" the cross motion with the petitioner's motion to confirm.

Charge One alleged that the respondent wrongfully converted client funds in connection with his representation of Joseph and Rose Baretella, by whom he was retained to institute a medical malpractice action on or about December 14, 1985. The Baretellas' case was settled for $75,000 in or about September 1987 and releases were executed. The respondent deposited the settlement check into his Manufacturer's Hanover Trust account on or about October 16, 1987. Although the Baretellas did not receive their share of the settlement proceeds ($47,334) until about November 20, 1987, the respondent's special account was overdrawn on October 21, 1987. Said account fell below the amount the respondent was required to be holding on at least nine occasions prior to November 20, 1987.

Charge Two alleged that the respondent filed a false closing statement with the Office of Court Administration on or about December 24, 1987 for his clients, Joseph and Rose Baretella. The document falsely stated that the date of payment by the defendant carrier to the respondent was November 19, 1987. In fact, the respondent received the settlement draft on October 16, 1987.

Charge Three alleged that the respondent wrongfully converted client funds emanating from a wrongful death settlement of $55,000. Approximately one week after the respondent deposited the settlement draft into his account entitled "Edward Horn, Esq.", the account balance fell below his

client's interest. It was below that level on at least 13 other occasions prior to any payment to the client.

On or about April 16, 1986, the respondent issued a check in the amount of $20,000, payable to the order of his client, which purportedly represented the client's full share of the settlement proceeds. The respondent converted $18,500 of his client's share of the settlement proceeds to his own use and benefit.

Charge Four alleged that the respondent fraudulently conformed a court order. The respondent provided the insurance carrier for Las Americas Aviation with a purportedly conformed copy of a compromise order of the Surrogate's Court, Kings County, dated November 8, 1985, which authorized settlement of the estate's wrongful death action. Said order had never been filed with the Surrogate's Court.

Charge Five alleged that the respondent prepared and signed a false affirmation dated October 31, 1985, claiming that he was entitled to $5,000 of the settlement proceeds as investigative costs and disbursements. The respondent's actual costs and disbursements were less than $200.

Charge Six alleged that the respondent wrongfully converted client funds in connection with his retainer to represent Damian Lubrano in a personal injury action. A check for $3,750, representing settlement of a no-fault claim, was issued to the respondent on or about September 26, 1986. The respondent deposited that check in his escrow account. The account was overdrawn on April 20, 1987. The respondent issued a check for $1,900 to his client on May 26, 1987.

Charge Seven alleged that the respondent wrongfully converted client's funds in the context of his representation of Catherine Mason Beasley and her uncle with respect to an auto accident which occurred on February 11, 1986. On or about December 9, 1987, a $17,500 check from Travelers Insurance Company, payable to "Catherine Mason and Edward Horn, Atty.", and representing Ms. Mason's share of the settlement proceeds, was deposited into the respondent's "Special Account". Although Ms. Mason did not receive the settlement proceeds to which she was entitled until on or about June 6, 1988, the respondent's account was overdrawn on December 28, 1987. The respondent's account thereafter fell below the amount of the client's interest on at least 15 occasions prior to his issuing the initial check to her on or about March 2, 1988.

Charge Eight alleged that the respondent failed to promptly pay a client her full share of a settlement. On or about December 4, 1987, a check was issued to the respondent and Catherine Mason in the sum of $17,500 in settlement of her case. On March 2, 1988, the respondent paid Ms. Mason $9,000 of the $10,951 she was entitled to, asserting that it was "in full satisfaction of [her] cause of action".

Charge Nine alleged that the respondent wrongfully commingled client funds with law office funds. From about 1978 to 1987, the respondent deposited all client funds entrusted to him into his nonescrow, office operating account.

Charge Ten alleged that the respondent failed to maintain a specially designated escrow account, separate from his business or personal accounts, for the deposit of client funds.

Charge Eleven alleged that, prior to 1988, the respondent failed to maintain proper bookkeeping records for all accounts into which he deposited client funds. The respondent failed to maintain records of all deposits into and withdrawals from said accounts. Nor did he maintain the names of all persons for whom the funds were held, the amount and description of funds, and the names of all persons to whom the funds were disbursed.

Charge Twelve alleged that the respondent failed to timely honor an attorney's lien after being substituted for Peter Kolodny, as attorney for plaintiff in a personal injury action. The respondent signed a stipulation on or about August 16, 1984, recognizing Mr. Kolodny's lien of 25% of the net attorney's fee after settlement or trial. The case was settled for $5,000 in or about January 1985. The respondent failed to honor the lien, despite written inquiries in June 1985 and 1986.

Charge Thirteen alleged that the respondent improperly solicited legal business and agreed to compensate a lay person in return for procuring retainers for the respondent. In or about 1984, the respondent asked Roger Slotkin, a nonattorney who operated the National Benefit Administrator's Group, for leads or referrals of medical malpractice cases in exchange for compensation. Mr. Slotkin referred Suseelama Kesavan to the respondent in or about March 1985, and the respondent agreed to pay a referral fee.

Charge Fourteen alleged that the respondent filed a false retainer statement with the Office of Court Administration in connection with the claim of *Suseelama Kesavan v North Shore University Hospital.*

Charge Fifteen alleged that the respondent neglected a legal matter entrusted to him. In or about 1981, the respondent was substituted as attorney for Anna Constantino in an action to recover damages to property resulting from a fire. An action was commenced in or about 1983, and the defendant in the action served a 90-day notice on or about May 9, 1986, demanding that the respondent file a note of issue. In January 1987, the respondent moved for leave to serve an amended complaint. The defendants thereafter cross-moved to dismiss the action for failure to prosecute. The motions were heard on February 27, 1987, and the respondent failed to appear. On March 25, 1987, the cross motion to dismiss was granted. The respondent's subsequent motions for reargument were denied. The respondent failed to advise his client that her case was dismissed.

Charge Sixteen alleged that the respondent neglected the personal injury case for which he was retained by Howard Goldberg. The respondent commenced an action in or about January 1986. A notice of trial was filed about September 30, 1986. The case was thereafter marked off the trial calendar on November 10, 1986. It was not until 1989, in response to the client's inquiry, that the respondent advised his client of the status of the case.

Charge Seventeen alleged that the respondent neglected a wrongful death action against the State of New York, for the death of a man who died of a drug overdose. Letters of administration were issued to John Sciascia on or about April 14, 1986. The respondent thereafter failed to proceed with the cause of action for a year. The respondent's motion to file a late claim was denied by the Court of Claims on or about March 4, 1987.

After reviewing the evidence, we find that the Special Referee properly sustained all of the charges of professional misconduct alleged against the respondent. From the voluminous evidence adduced in this case, it is abundantly clear that the respondent engaged in a pattern of misconduct demonstrating flagrant disregard for the ethical obligations incumbent upon members of the Bar. Accordingly, the petitioner's motion to confirm the report of the Special Referee is granted and the respondent's cross motion to disaffirm and to consolidate the cross motion with the motion is granted only to the extent that it is considered with the motion to confirm. Insofar as it seeks to disaffirm the report of the Special Referee, the respondent's cross motion is denied.

In determining the appropriate measure of discipline to impose, we have taken into consideration the mitigating circumstances advanced by the respondent, including the fact that he was seriously incapacitated in the aftermath of a 1986 automobile accident. Nevertheless, the severity and multiplicity of the charges of professional misconduct of which the respondent is guilty warrant his disbarment.

MANGANO, P. J., THOMPSON, BRACKEN, SULLIVAN and HARWOOD, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent's cross motion is granted only to the extent that it is considered with the petitioner's motion to confirm and is denied insofar as it seeks to disaffirm the report of the Special Referee; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent Edward Horn is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Edward Horn shall continue to comply with this court's rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, Edward Horn is commanded to continue to desist and refrain (1) from practicing law in any form, either as principal or as agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.